UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY LUCAS,

                    Petitioner,

          -against-

STATE OF NEW YORK,

                  Respondent.

24-CV-2085 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently being held at Manhattan Psychiatric Center, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, seeking to challenge his January 23, 2003 conviction in the New York State Supreme Court, New York County. By order dated May 23, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner was convicted on January 23, 2003 of one count of sodomy in the first degree and one count of endangering the welfare of a child and sentenced to concurrent terms of imprisonment of ten years and one year. *See People v. Lucas*, 782 N.Y.S.2d 912 (1st Dep't Oct. 19, 2004), *appeal denied*, 790 N.Y.S.2d 658 (2004). A search of the records of the New York State Department of Corrections and Community Supervision reveals that Plaintiff was incarcerated, pursuant to that conviction, at Attica Correctional Facility and he subsequently was released on September 13, 2010. *See* https://nysdoccslookup.doccs.ny.gov/ [https://perma.cc/4TB3-BFXM].

While the basis for Petitioner being held at Manhattan Psychiatric Center is unclear, it is clear that he is no longer in custody pursuant to the January 23, 2003 New York County conviction.[1]

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*,

---

[1] A search of the records of the New York State Unified Court System reveals that Petitioner has pending criminal charges in the First District Court of Suffolk County, and his next court date is scheduled for August 5, 2024. *See* https://iapps.courts.state.ny.us/webcrim_attorney/ DefendantSearch [https://perma.cc/JYK7-J7GM0].

490 U.S. 488, 490-91 (1989). Thus, to bring a Section 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Because Petitioner is not in custody pursuant to January 23, 2003 New York County conviction, the petition is denied.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

  Dated:    September 5, 2024
            New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge